IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DONALD L. COFFMAN, )
)
        Plaintiff, )
)
v. )
) No. 06-2297-CM
)
MICHAEL B. MYERS, )
)
        Defendant. )
)

## MEMORANDUM AND ORDER

Plaintiff Donald L. Coffman brings this action against defendant Michael B. Myers, alleging negligence, detrimental reliance, breach of fiduciary duty, and breach of contract. The case comes before the court on defendant's Motion to Dismiss (Doc. 15) and plaintiff's Motion for Leave to File a Surreply (Doc. 24). Because the court finds that it has subject matter jurisdiction and that the dispute whether plaintiff failed to serve a summons does not warrant dismissal, the court denies defendant's motion. Consequently, plaintiff's motion is denied as moot.

**I.     Background**

Plaintiff filed this case on July 18, 2006, alleging that plaintiff is a resident of Kansas and defendant is a resident of California. As a result, plaintiff asserts that this court has subject matter jurisdiction based on diversity jurisdiction under 28 U.S.C. § 1332. Defendant challenges these assertions, claiming that he is domiciled in Kansas, thereby preventing this court from having jurisdiction. As discussed below, both parties present numerous facts related to defendant's domicile.

There is also a dispute about whether plaintiff's process server included a summons when he

delivered a copy of the complaint and a copy of a notice of electronic filing to defendant. Defendant provided an affidavit stating he did not receive a summons. An affidavit of the process server states that "if he recalls correctly," he "succeeded" in "effect[ing] a service of process, Summons and Complaint." The process server claimed that his standard procedure is to review and ensure that the documents served include a summons, but he does not have any independent recollection related to defendant's summons. On October 20, 2006, plaintiff filed a return of service indicating that a summons and complaint were served on defendant.

**II.     Diversity Jurisdiction**

**A.      Legal Standards**

Under 28 U.S.C. § 1332(a)(1), federal district courts have jurisdiction over civil actions with an amount in controversy over $75,000 and between "citizens of different states." Because federal courts have limited jurisdiction, "there is a presumption against the existence of diversity jurisdiction." *Cressler v. Neuenschwander*, 930 F. Supp. 1458, 1460 (D. Kan. 1996) (citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)). Because of this presumption, the party invoking jurisdiction bears the burden of proof if diversity jurisdiction is challenged. *Martinez v. Martinez*, 62 F. App'x 309, 313 (10th Cir. 2003).

To determine whether the parties are citizens of different states, a court examines where each party is domiciled. *Jones v. United States*, 305 F. Supp. 2d 1200, 1208 (D. Kan. 2004) (citing *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983)). A party's domicile is established by two factors: (1) physical presence in a state and (2) an intent to remain in that state. *Smith v. Cummings*, 445 F.3d 1254, 1260 (10th Cir. 2006).

Analysis of whether a party is physically present in a state begins with the party's residence.

-2-

*See id.* (listing physical presence as a requirement for domicile, but listing "residence in a new domicile" as a requirement for changing domiciles). Although residence in a state is not by itself sufficient to establish domicile, *Bair v. Peck*, 738 F. Supp. 1354, 1355 (D. Kan. 1990) (citing *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)), residence creates a presumption of domicile. *Nat'l Inspection & Repairs, Inc. v. George S. May Int'l Co.*, 202 F. Supp. 2d 1238, 1242 (D. Kan. 2002) (citing *Dist. of Columbia v. Murphy*, 314 U.S. 441, 455 (1941)). This presumption shifts the burden of production to the party arguing that its residence is not its domicile, but the burden of proof that diversity jurisdiction exists remains with the party asserting jurisdiction. *Bair*, 738 F. Supp. at 1356.

Analysis of whether a party intends to remain in a state examines whether the party intends to remain in that state for an unlimited or indefinite time period. *Blair*, 738 F. Supp. at 1355 (citing *Freeman v. Nw. Acceptance Corp.*, 754 F.2d 553, 555 (5th Cir. 1985)). "[M]ere mental fixing of citizenship is not sufficient" to establish intent. *Id.* (citing *Walden v. Broce Constr. Co.*, 357 F.2d 242, 245 (10th Cir. 1966)). Similarly, a party does not have to intend to remain in a state permanently to have sufficient intent to establish a domicile. *Bair*, 738 F. Supp. at 1356 ("It is enough to have a 'floating intention' to stay indefinitely and also have the general desire to return to the former domicile at some undetermined point of time."). If, on the other hand, a party intends to return to a prior domicile when a reasonably foreseeable event occurs, then a party does not have sufficient intent to establish a new domicile. *Id.* While statements of intent are relevant, they are given little relative weight in the overall analysis. *Id.*

Instead of focusing on statements of intent, a court looks at the totality of the evidence when analyzing a party's domicile. *See Lloyd v. Loy*, No. 01-2001-KHV, 2001 WL 950261, at *3 (D. Kan. July 23, 2001); *Stucky v. Bates*, 2 F. Supp. 2d 1434, 1437 (D. Kan. 1998). Factors of

particular relevance are: (1) where the party votes; (2) where the party is employed; (3) where the party maintains automobile registration and his driver's license; (4) where a party maintains bank accounts; (5) whether the party rents or owns his home—"taken in connection with [a party's] station in life"; (6) whether a party's family also moved to the new residence; (7) whether the party moved his belongings; (8) the party's social relationship, e.g. churches, clubs, and investments, in the new residence; (9) whether the party maintains housing in the prior domicile; (10) the nature of a party's local property or enterprises in the new residence; (11) whether the party retains professional, religious, or social ties to the prior domicile; (12) what domicile is claimed for tax purposes; (13) where a party lists a telephone number; and (14) where a party receives mail. *Lloyd*, 2001 WL 950261, at *3; *Stucky*, 2 F. Supp. 2d at 1437; *Tennis v. Upland Mut. Ins., Inc.*, No. 96-2253-EEO, 1997 WL 450049, at *1 (D. Kan. July 7, 1997).

When looking at these factors, it is appropriate for the court to consider matters beyond the pleadings, such as affidavits. *Field v. Swade*, No. 98-2271-EEO, 1998 WL 560003, at *2 (D. Kan. Aug. 21, 1998). The consideration of additional materials in this context does not convert a motion to dismiss into one for summary judgment. *Id.*

**B.     Analysis**

Here, plaintiff asserts that this court has diversity jurisdiction by alleging that the amount in controversy is in excess of $75,000 and that he is domiciled in Kansas and defendant is domiciled in California. Because defendant claims his domicile is the same as plaintiff's, plaintiff bears the burden of proof to establish diversity jurisdiction. Plaintiff alleges, and defendant concedes,[1] that

---

[1] In the Memorandum in Support of Defendant's Motion to Dismiss (Doc. 16), he states "defendant affirmatively asserts as a factual matter, that defendant is not a resident of the State of California[,] but rather defendant should be considered as and is in fact a resident of the State of Kansas." Conversely, in defendant's reply brief (Doc. 23), defendant states "Defendant Myers has
(continued...)

defendant resides in California. This creates a presumption that defendant's domicile is California. While the burden of proof that diversity jurisdiction exists remains with plaintiff, defendant bears the burden of production to show that California is not his domicile.

In response to this burden, defendant provides an affidavit. In this affidavit, defendant claims that he has only "temporarily relocated to California" and that "[i]t has always been his intent to return and permanently reside in Topeka, Kansas or another location in northeast Kansas." Because defendant does not hinge his intent to return upon a reasonably foreseeable event, this statement only indicates that defendant has a "floating intention" to stay in California with a "general desire" to return to Kansas. Such an intent is sufficient to make California defendant's domicile. *See Bair*, 738 F. Supp. at 1356. Similarly, defendant claims that he considers Kansas his "domicile and permanent residence." This statement is "mental fixing of citizenship" and is insufficient to establish an intent to maintain Kansas as defendant's domicile. *See id.* at 1355. However, because statements of intent are given little weight relative to other factors, the court turns to the totality of the evidence.

The remainder of defendant's affidavit, which is the only documentation related to his domicile that he submitted, emphasizes defendant's ties to Kansas. Defendant was "born, raised and educated" in Kansas. Defendant maintains voter registration in Kansas. Defendant is a licensed Kansas attorney, and is not licensed or seeking a license in California. Defendant owns two vehicles that are registered in Kansas and renewed his Kansas driver's license in 2006. Many of defendant's personal belongings are in Kansas. The majority of defendant's friends are in Kansas. Defendant returns to Kansas several times per year for "business, litigation or for personal reasons." Despite

---

[1] (...continued)
never denied that he presently resides in Victorville, California."

-5-

foreclosures, defendant retains rights of occupancy at, and pays utilities for, his former marital home and business location in Kansas.[2]

Plaintiff responds to defendant's submissions by providing evidence of defendant's ties to California. Plaintiff provides a copy of a petition for bankruptcy that defendant filed in California on May 15, 2001. In this petition, defendant declared under penalty of perjury that he had been "domiciled or has had a residence . . ." in California for 180 days before May 15, 2001. Plaintiff also includes forms related to the bankruptcy proceeding where defendant indicates he has maintained a law office in California since October 14, 2000. This is corroborated by defendant's California mailing address for his law practice organized as a Kansas business entity. Similarly, plaintiff's filings show that defendant has employed the services of a California bookkeeper or accountant since August 15, 2000. Plaintiff alleges that defendant has not paid taxes in Kansas in 2006 or 2007. Additionally, plaintiff submitted insurance records that show defendant co-insures two vehicles in California.

Plaintiff also provides a brief from defendant's bankruptcy case that defendant submitted *pro se*. In this brief, defendant provides an entirely different perspective about his living arrangements from the one presented in his affidavit. After editing for relevance, defendant states that he:

> has spent his principal time in California since September 2000 and was able to physically move his law office and client files shortly thereafter . . . . [This move] allowed [defendant] to focus on his business activities in California and a select number of cases in Kansas . . . . To require [defendant] to reorganize in Kansas would create an additional hardship of time and expense . . . [Defendant] is seeking interim pastoral work with the Presbytery in southern California . . . . [Defendant] is currently working with a number of professionals in regard to opening a major

---

[2] Defendant's brief also claims that he "has acquired no real estate in the state of California." This statement is not supported by a citation to the record and no such statement is made in his affidavit.

-6-

> business in [California] in the fall of 2001 or the spring of 2002. [Defendant] anticipates this will occupy the majority of his time in the future . . . . [Defendant] has a contract for the purchase of land in California and has rented office and living space in California . . . [Defendant's m]ail is routinely forwarded from [a Kansas post office] box to his California address.

Defendant's reply brief does not challenge any of these facts. Although defendant points out that his bankruptcy case was transferred to Kansas, he provides no supporting citation or documentation. Regardless, such a transfer would not challenge the underlying facts related to defendant's residence in California.

Viewing the totality of the evidence through the lens of the relevant factors, the court finds that the weight of the evidence indicates that California is defendant's domicile. Although the court acknowledges that defendant is registered to vote in Kansas, is a licensed Kansas attorney, has a Kansas driver's license, registered two vehicles in Kansas, maintains some family and social relationships in Kansas, and has some Kansas property interests, such facts only relate to four of the fourteen factors listed. It remains that defendant is employed in California, has automobiles insured in California, conducts banking in California, rents residential and business—and is also looking to purchase—property in California, has significant personal belongings in California, is looking to expand his social relationships—particularly religious associations—in California, is seeking to expand his business opportunities in California, has all of his business mail forwarded to California, and lists a California telephone number and mailing address. After weighing these factors, the court finds that plaintiff has satisfied his burden of showing that defendant is domiciled in California. As a result, this court has subject matter jurisdiction over this case based on diversity jurisdiction.

**III.    Serving of Process**

Defendant asks this court to dismiss this case because plaintiff failed to serve defendant with a summons. Defendant's argument leaves many logic gaps between his characterization of the facts

and his requested relief. Defendant notes that plaintiff bears the burden of establishing personal jurisdiction. Defendant then acknowledges that if the determination of personal jurisdiction must resolve a dispute between conflicting affidavits, which is the present situation, "the general rule follows that factual disputes at this stage of the proceedings are resolved in the favor of plaintiff and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party." In spite of this concession, defendant contends that his recollection is more "clear and specific." Defendant makes this statement without offering any reason or legal support for why a "clear and specific" recollection should alter the "general rule" favoring plaintiff. Defendant never offers any reason or legal support for his apparent assumption that a dispute over whether a summons was served warrants dismissal of this case.[3]

The court agrees with defendant's assertions that plaintiff bears the burden of establishing personal jurisdiction over a defendant. *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992). However, to demonstrate personal jurisdiction sufficient to defeat a motion to dismiss, a plaintiff need only make a prima facie showing that jurisdiction exists.[4] *Ten Mile Indus. Park v. W. Plains Serv. Corp.*, 810 F.2d 1518, 1524 (10th Cir. 1987). In ascertaining the facts necessary to establish jurisdiction, the court must accept as true the allegations set forth in the complaint to the extent they are uncontroverted by the defendant's affidavits. *Id*. The plaintiff, however, has the "duty to support jurisdictional allegations in a complaint by competent proof of the

---

[3] Although in his reply brief defendant cites Kansas cases that base jurisdiction on the serving of a summons, defendant does not explain how those cases relate to the present situation. Defendant's reply brief assumes that no summons was served, and ignores his earlier concession that a factual dispute must be resolved in favor of the plaintiff.

[4] Eventually a plaintiff must establish jurisdiction by a preponderance of the evidence, either at a pretrial evidentiary hearing or at trial. *Behagen v. Amateur Basketball Ass'n of U.S.A.*, 744 F.2d 731, 733 (10th Cir. 1984); *Wilson v. Olathe Bank*, No. 97-2458-KHV, 1998 WL 184470, at *1 (D. Kan. Mar. 2, 1998).

supporting facts if the jurisdictional allegations are challenged by an appropriate pleading." *Pytlik v. Prof'l Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989). The complaint and any affidavits submitted are to be construed, and any doubts are to be resolved, in the light most favorable to the plaintiff. *Fed. Deposit*, 959 F.2d at 174.

Here, defendant acknowledges that there is a dispute between the affidavits. Without a logical or legal reason to reverse the presumption in favor of plaintiff, the court cannot grant defendant's motion.[5] Defendant's Motion to Dismiss (Doc. 15) is denied.

### IV.     Plaintiff's Motion for Leave to File a Surreply

Because the court denies defendant's motion to dismiss, plaintiff's Motion for Leave to File a Surreply (Doc. 24) is denied as moot.

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss (Doc. 15) is denied.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Leave to File a Surreply (Doc. 24) is denied as moot.

Dated this 12th day of June 2007, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**

---

[5] Although defendant presently failed to provide the court with a reason to dismiss this case based on a dispute over whether a summons was served, defendant may raise this dispute in conjunction with future motions.